IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEREMY GODWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Union Pacific Railroad Company ("Defendant" or "Union Pacific") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, and shows this Court as follows:

### I. INTRODUCTION

1. On September 30, 2022, Plaintiff Jeremy Godwin filed this action in the 352nd Judicial District Court of Tarrant County, Texas, Cause No. 352-337194-22, styled as a breach of contract claim, which seeks back pay not awarded by an arbitration panel. (Exhibit A).

2. Plaintiff served Union Pacific with his Original Petition on October 3, 2022. (*Id*.; Exhibit A, p. 1).

3. Union Pacific files this Notice of Removal within thirty (30) days of service of Plaintiff's Original Petition.

4. Contemporaneously with the filing of this Notice, Union Pacific provided written notice of this removal to the clerk of the 352nd Judicial District Court of Tarrant County, Texas.

### II. VENUE

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit was filed is located in this district.

## III. GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

6. Removal is proper pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction because: (1) The actual amount in controversy exceeds $75,000 as admitted by Plaintiff in his state court petition (Exhibit A, p. 5, ¶1), and (2) there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

7. Plaintiff is a resident of the state of Texas. (Exhibit A, p. 5, ¶ 2).

8. Defendant is a publicly-traded Utah corporation, organized under the laws of the State of Utah, with its principal place of business in Omaha, Nebraska.

9. Accordingly, complete diversity jurisdiction exists and removal is proper. *See* 28 U.S.C. § 1332; *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 313 (5th Cir. 2022) ("Federal courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.")

## IV. GROUNDS FOR REMOVAL – FEDERAL QUESTION

10. Defendant may also properly remove this action pursuant to 28 U.S.C § 1441(a) because Plaintiff's complaint seeks review of an arbitration decision issued pursuant to the Railway Labor Act, 45 U.S.C. § 151, *et seq.* ("RLA").

11. The RLA created the National Railroad Adjustment Board ("NRAB") and assigned it exclusive jurisdiction over disputes involving the interpretation and application of collective bargaining agreements. 45 U.S.C. § 153 First (i). The RLA allows railroads and rail labor organizations to establish alternative arbitration panels, known as Public Law Boards or Special Boards of Adjustment, with coordinate jurisdiction over such disputes. 45 U.S.C. § 153 Second.

12. The RLA assigns federal district courts with jurisdiction over petitions for review of arbitration awards issued by the NRAB or a Public Law Board. 45 U.S.C. §§ 153 First (q) and Second.

13. Plaintiff's complaint in this action alleges that his union appealed his dismissal by Union Pacific to Public Law Board 2105 ("PLB 2105") and that PLB 2105 issued a decision in which it held "that the charges against Plaintiff should be removed and that Plaintiff be reinstated without backpay after his fulfillment of certain conditions." (Exhibit A, p. 6, ¶ 11). Consistent with that decision, Plaintiff alleges that Union Pacific "reinstated Plaintiff but refused to pay Plaintiff for any lost time." (Exhibit A, p. 7, ¶ 12).

14. Plaintiff's complaint seeks the backpay that PLB 2015 decided not to award him. Thus, on its face, Plaintiff's complaint seeks review of the arbitration award issued by PLB 2105 and therefore arises under Sections 3 First (q) and Second of the RLA. 45 U.S.C. §§ 153 First (q) and Second.

15. Pursuant to Sections 3 First (q) and Second of the RLA, this Court has jurisdiction over Plaintiff's complaint seeking review of the award issued by PLB 2105, and therefore, Plaintiff's complaint may be properly removed to this Court pursuant to 28 U.S.C § 1441(a).

16. A separate and independent ground for removal based on federal question jurisdiction is that to the extent Plaintiff claims a breach of contract, the only applicable contract is the collective bargaining agreement negotiated pursuant to the RLA as identified in paragraph 11 of Plaintiff's complaint. Thus, Plaintiff's claim necessarily arises under federal law, and therefore, is completely preempted by the RLA.

## V. CONCLUSION

17. Removal is proper because diversity jurisdiction exists and a federal question that could have been brought in federal court exists. Accordingly, Defendant respectfully requests the court remove the suit to the United States District Court for the Northern District of Texas.

Respectfully submitted,

By: /s/ *Nandini K. Sane*
Nandini Kavuri Sane
Texas Bar No. 24086821
nsane@cozen.com
COZEN O'CONNOR, P.C.
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3962
Facsimile: (832) 214-3905

**COUNSEL FOR DEFENDANT**

Kendall Kelly Hayden
Texas Bar No. 24046197
COZEN O'CONNOR, P.C.
1717 Main Street, Suite 3100
Dallas, Texas 75201
(214) 462-3000
(214) 462-3299 – Fax
khayden@cozen.com

**LOCAL COUNSEL FOR DEFENDANT**

Andrew J. Rolfes (*pro hac vice* forthcoming)
District of Columbia Bar # (444521)
Pennsylvania Bar # (78809)
Robert S. Hawkins (*pro hac vice* forthcoming)
New York Bar # (4517868)
Pennsylvania Bar # (39862)
COZEN O'CONNOR, P.C.
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2177
arolfes@cozen.com
rhawkins@cozen.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing has been served via ECF, email and/or First Class Mail on this 24th day of October 2022 to all parties and/or counsel of record as follows:

Ali Crocker Russell
State Bar No. 24098868
Crocker Russell & Associates
ali@cralawfirm.com
2401 Callender Road, Suite 103
Mansfield, Texas 76063
Tel: (817) 482-6570
Fax: (682) 232-1850

**COUNSEL FOR PLAINTIFF**

                */s/ Nandini K. Sane*
                Nandini K. Sane

60048527\2